UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JEROME BROOKS<br><br>                    *Defendant.* | 11 Cr. 630 (KMK)<br><br>**ORDER TO RELEASE<br>DEFENDANT ON BOND** |

WHEREAS defendant Jerome Brooks (the "Defendant") was arrested on April 9, 2020 for an alleged violation of supervised release and was presented and arraigned and pled not guilty before the Honorable Stewart D. Aaron, United States Magistrate Judge on April 10, 2020;

WHEREAS the Defendant was further ordered detained by the Honorable Stewart D. Aaron, on consent of the Defendant without prejudice to the Defendant making a subsequent bail application, and a conference before the Honorable Kenneth M. Karas was scheduled for April 17, 2020 at 10:30 a.m. (Dkt. No. 1408);

WHEREAS on April 14, 2020, the undersigned counsel for the Defendant filed a letter motion and exhibits ("Motion") seeking the immediate release of the Defendant pending further proceedings before the Court (Dkt. No. 1413);

WHEREAS the Government has reviewed the Defendant's Motion, and the Court has ordered the Government to respond to the Motion by 4:00 p.m. on April 15, 2020 (Dkt. No. 1414);

WHEREAS the undersigned counsel for the Government and the Defendant consent to the release of the Defendant on the proposed conditions specified below:

1. The Defendant must execute a $25,000 personal recognizance bond to be signed by one financially responsible person—the Defendant shall be released upon his own

signature with additional execution by the co-signer within one week of the Defendant's release;

2. All conditions of the Defendant's previously imposed supervised release shall remain in effect as bail conditions for the Defendant's release during the pendency of the violation petition with such supervision to continue by Probation;

3. The Defendant shall have no contact of any kind with the victim of the alleged offense conduct which is the subject of the instant violation petition and shall further abide by the terms of the any criminal order of protection entered in any other proceeding in connection with the alleged offense conduct;

4. The Defendant shall abide by a curfew during the hours of 9:00 p.m. and 6:00 a.m., or as directed by Probation, to be enforced through random video calls with Probation via FaceTime or some other available video call application; and

5. If the Defendant does not own a phone capable of FaceTime or some other means of conducting video calls, the Defendant shall obtain one for his own personal use within one week of his release and provide Probation with all relevant contact information; and

WHEREAS the Defendant waives his appearance to facilitate his expedited release on bond,

(continued on next page)

THE COURT HEREBY ORDERS AS FOLLOWS:

The Defendant shall (i) be released forthwith upon his signing of the bond and pursuant to the above-specified conditions of release and (ii) immediately abide by the above-specified conditions and follow the directives of Probation upon his release, after which he will have one week to satisfy the other conditions of the bond concerning a co-signer and the condition set forth in item number 5, listed above.


AGREED AND CONSENTED TO:


GEOFFREY S. BERMAN
United States Attorney


by: _____          Date:   April 15, 2020
Kevin T. Sullivan
Assistant United States Attorney



_____          Date:   April 15, 202
Jean D. Barrett, Esq.
Counsel for Jerome Brooks



SO ORDERED:

Dated:  White Plains, New York
        April _15__, 2020


_____
THE HONORABLE KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

4/15/20